**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JAN 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| In re: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION,<br><br>———————————————————<br><br>J. BERTOLET, INC., DBA J. Bertolet Volkswagen, a Pennsylvania corporation; DIRECT B, LLC, DBA Brandon Volkswagen, a Florida limited liability company; SAI AUTO GROUP, LLC, DBA Bozzani Volkswagen, a California limited liability company, individually, on behalf of themselves and all similarly situated persons and entities,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>ROBERT BOSCH, LLC, a Michigan limited liability company; ROBERT BOSCH GMBH, a German corporation,<br><br>Defendants-Appellees. | No. 20-15034<br><br>D.C. Nos. 3:16-cv-02086-CRB<br><span style="padding-left:3em"></span>3:15-md-02672-CRB<br><br>MEMORANDUM[*] |

—————————————

<sup>*</sup>     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted January 15, 2021
San Francisco, California

Before: SCHROEDER, BYBEE, and R. NELSON, Circuit Judges.

Plaintiffs/Appellants J. Bertolet, Inc. d/b/a J. Bertolet Volkswagen (Bertolet VW), Direct B, LLC d/b/a Brandon Volkswagen (Brandon VW), and SAI Auto Group, LLC d/b/a Bozzani Volkswagen (Bozzani VW) (collectively, Plaintiffs) are three Volkswagen-branded franchise dealers who sold turbocharged direct injection diesel engine vehicles equipped with defeat devices (TDIs) between 2009 and 2015. According to Plaintiffs, Defendants/Appellees, Robert Bosch GmbH and Robert Bosch LLC (collectively, Bosch) (1) knowingly conspired with Volkswagen to develop, implement, and promote defeat devices—software that allowed TDI vehicles to appear compliant during emissions testing—thereby participating in a racketeering enterprise in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c); and (2) also conspired to violate that statute, *id.* § 1962(d).

The district court granted summary judgment in favor of Bosch because Plaintiffs failed to establish that their claimed injuries (future lost profits from the

cessation of the TDI line and Volkswagen's buyback program following the public revelation of the defeat devices) were caused "by reason of" the RICO violations. Plaintiffs timely appealed. Because the parties are familiar with the facts, we will not recite them here. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review the district court's grant of summary judgment de novo and "may affirm on any basis supported by the record." *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009) (citation omitted). Our review is "governed by the same standard used by the trial court under Federal Rule of Civil Procedure 56(c)." *Adcock v. Chrysler Corp.*, 166 F.3d 1290, 1292 (9th Cir. 1999).

RICO provides a civil cause of action to "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter . . . ." 18 U.S.C. § 1964(c). Standing for civil RICO claims thus requires: (1) an alleged harm that qualifies as an injury to the plaintiff's business or property; and (2) that the harm was "by reason of" the RICO violation, which requires the plaintiff to demonstrate proximate causation. *See Canyon Cnty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 972 (9th Cir. 2008) (citing *Holmes v. Secs. Inv. Protection Corp.,* 503 U.S. 258, 268 (1992)). The parties dispute both elements: (1) whether Plaintiffs' claimed damages from the discontinuation of the TDI line and the buyback constitute an injury to their "business or property" within the meaning of RICO;

3

and (2) whether Bosch's alleged participation in the defeat device scheme proximately caused Plaintiffs' injuries. Because Plaintiffs' claimed damages were not proximately caused by the alleged racketeering activity, we decline to address whether Plaintiffs have suffered an injury to their business or property within the meaning of RICO.

"The Supreme Court has interpreted the phrase 'by reason of' in 18 U.S.C. § 1964(c) to require, as elements for a civil RICO recovery, both proximate and but-for causation." *Painters and Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharms. Co. Ltd.,* 943 F.3d 1243, 1248 (9th Cir. 2019) (citing *Holmes*, 503 U.S. at 268). Proximate cause for RICO purposes requires "some direct relation between the injury asserted and the injurious conduct alleged." *Holmes*, 503 U.S. at 268. Here, Plaintiffs argue that "it was a foreseeable and natural consequence" of Bosch's participation in Volkswagen's fraudulent scheme that "once their fraud was exposed and TDIs were entirely withdrawn from the market, Plaintiffs [would lose] the opportunity to sell TDIs and also suffered injuries due to VW's buyback of TDIs." But the mere possibility that the initial fraud would be discovered and ultimately cause the cessation of the TDI line and buyback program is not sufficient to establish proximate cause. *See Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 12 (2010).

Nor is Plaintiffs' reliance on *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2009) persuasive. There, property lien auction bidders allegedly made fraudulent representations to the county to secure a disproportionate amount of liens at a county tax-lien auction. *Id.* at 643–44. Although the fraud was perpetrated on the county, the Supreme Court determined that the losing bidders' alleged injury—the loss of valuable liens—was the "direct result of petitioners' fraud." *Id.* at 658. But unlike the "zero-sum nature of the auction" in *Bridge*, Plaintiffs' theory of proximate causation necessarily encompasses an intervening step: the discovery of the fraud. *Hemi Grp.*, 559 U.S. at 14–15 (discussing *Bridge*, 553 U.S. at 657–59). That is, Plaintiffs' damages were caused by reason of the fraud's discovery, not the fraud itself. *See Canyon Cnty.*, 519 F.3d at 981 ("Where the violation is not itself the immediate cause of the plaintiff's injury, proximate cause may be lacking."). Allowing Plaintiffs to recover for all possible consequences of the alleged RICO violations—including fallout from the discovery of RICO violations—runs counter to the notion of proximate cause, which reflects that "there is a point beyond which the wrongdoer should not be held liable." *Holmes,* 503 U.S. at 266 n.10 (internal quotation marks and citation omitted).

We therefore hold that the district court correctly determined that Plaintiffs' claimed injuries were not proximately caused by the alleged RICO violations. The district court also correctly granted summary judgment on the state law claims for lack of proximate cause.

**AFFIRMED.**